# COURT OF APPEALS OF VIRGINIA

### Record No. 0973-25-2

BEN MUNOZ BORJA

v.

COMMONWEALTH OF VIRGINIA

Present: Judges AtLee, Ortiz and Senior Judge Humphreys
Argued at Richmond, Virginia

Opinion Issued August 11, 2026[*]

### FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Ricardo Rigual, Judge[1]

Eugene H. Frost (Eugene H. Frost, PLLC, on brief), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Jason S. Miyares,[2] Attorney General, on brief), for appellee.

### MEMORANDUM OPINION BY
### <u>JUDGE ROBERT J. HUMPHREYS</u>

A grand jury charged Ben Munoz Borja with aggravated sexual battery; a jury convicted him of the lesser-included offense of assault and battery. On appeal, he contends that the trial court erroneously admitted evidence of other bad acts and portions of testimony from the complaining witness. He also argues that the evidence was insufficient to send the aggravated sexual battery charge to the jury. Further, he maintains that he was deprived of his due process

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Judge Rigual presided over the jury trial and sentencing. Judge William E. Glover signed the final sentencing order for Judge Rigual.

[2] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

rights because the Commonwealth did not specify which of several incidents supported the charge.

BACKGROUND[3]

When N.S. was 13 years old, Borja was engaged to her mother, Lauren. N.S. lived with Lauren and Borja; N.S.'s 20-year-old sister, Hailey, stayed at the house around three days a week, and Borja's children lived with them every other weekend and visited on Wednesdays during the day. N.S. saw Borja "as a father figure" and "loved him like a father." In late 2022, Borja began to "smack [N.S.'s] bottom" over her clothes, which made her uncomfortable. She asked him to stop in early January 2023, but he persisted. Borja also commented about N.S.'s body, telling her she "had a big butt and how he would have to fight boys off of [her]."

In February 2023, Lauren went on vacation for a week, leaving N.S. alone with Borja. Borja's children did not stay at the house the weekend of Lauren's trip. While Lauren was away, Borja had several interactions with N.S. that made her uncomfortable. The day after Lauren left, Borja went into N.S.'s room, lay next to her, and rubbed her mid inner thigh over her pajamas while he talked to her about what she wanted to do that weekend. He walked out of the room. Later, N.S. asked Borja to move as he stood in front of the refrigerator. He turned around and pushed her breasts with both hands for "a second or two." During another incident, N.S. leaned over the kitchen counter, and Borja came up behind her and pushed his groin against her bottom. She felt his genitalia pressed against her. She jumped and asked him what he was doing. He told her he was

---

[3] On appeal, we review the evidence "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard any evidence that conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

trying to pass her, but there was space for him to pass her without touching her. She neither desired nor consented to any of those touchings.

N.S. asked Borja if she could go to her friend's house, and he said she could go only if she gave him a massage. She agreed, thinking she would use his massage gun. He took off his shirt and laid on his bed. He asked her to use lotion, and she responded, "okay." She stood over him and massaged his back with her hands for 10 minutes. He repeatedly asked her to sit on his back, which she refused to do. He grabbed her calves and made "weird sexual noises." After Lauren returned home, N.S. told Lauren and Hailey about Borja's behavior. She also talked to a school counselor.

A grand jury charged Borja with aggravated sexual battery. Before trial, Borja moved the court *in limine* to exclude evidence pertaining to the massage. He argued that the contact was legal, so any potential probative value was outweighed by its prejudicial effect. The court denied the motion, stating that the incident was relevant and showed Borja's intent.

During N.S.'s trial testimony, Borja objected, on foundation grounds, to her reference to Borja's genitalia when she described the incident at the kitchen counter. The Commonwealth asked N.S. why she believed she felt Borja's genitalia, and she responded, "I mean, it didn't feel like a leg or a bone. It felt like male genitalia." Borja renewed his objection, and the court stated, "Next question." Borja also objected to N.S.'s characterization of the "weird sexual noises" that Borja made during the massage. The court overruled the objection and noted that N.S. was "describing what she heard."

Borja moved to strike the evidence, arguing that none of the incidents N.S. testified about amounted to sexual battery and that he at no point used "force" within the intendment of Code § 18.2-67.3. He argued further that the Commonwealth could not rely on the "totality" of the incidents to prove sexual battery and that the separate events each had to amount to sexual battery to sustain a conviction. Defense counsel stated, "And I implore you to tell me which

incident was a sexual battery?  They don't give -- it's not a totality of circumstances."  The

Commonwealth responded that the totality of the events, including the massage, showed intent,

but that three incidents each constituted a separate sexual battery: (1) smacking N.S.'s buttocks

after she told him to stop; (2) when he touched her breasts in front of the refrigerator; and

(3) when he pressed his groin against her buttocks at the kitchen counter.  The court denied

Borja's motion and renewed motion.

After receiving the court's instructions and hearing closing arguments, the jury convicted

Borja of the lesser-included offense of assault and battery.  Borja appeals.

ANALYSIS

I.  Harmless Evidentiary Rulings

Borja contends that the court made several erroneous evidentiary rulings in: (1) denying his

motion *in limine* to exclude evidence of the massage; (2) permitting N.S. to testify that Borja

pressed his genitalia against her bottom without a sufficient basis for her to identify the object as his

genitalia; and (3) allowing N.S. to describe a sound Borja made during the massage as a "weird

sexual noise."

"The doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest

grounds available.'"  *Caldwell v. Commonwealth*, 86 Va. App. 99, 111 n.2 (2025) (quoting *Flowers

v. Commonwealth*, 84 Va. App. 143, 162 n.6 (2025)).  Under that doctrine, we need not decide

whether the court erred by admitting the challenged evidence because, given the ultimate verdict as

supported by the remaining evidence in this case, any arguable error was necessarily harmless.

Harmless error review is statutorily mandated in Virginia.  *Orndoff v. Commonwealth*, 304

Va. 419, 438 (2025).

> When it plainly appears from the record and the evidence given at
> the trial that the parties have had a fair trial on the merits and
> substantial justice has been reached, no judgment shall be arrested

> or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any other error committed on the trial.

Code § 8.01-678. A "[n]on-constitutional error is harmless if other evidence of guilt is so 'overwhelming' and the error so insignificant by comparison that we can conclude the error 'failed to have any "substantial influence" on the verdict.'" *Dandridge v. Commonwealth*, 72 Va. App. 669, 685 (2021) (quoting *Lienau v. Commonwealth*, 69 Va. App. 254, 270 (2018), *aff'd upon rehearing en banc*, 69 Va. App. 780 (2019)). "We have applied Code § 8.01-678 in criminal as well as civil cases." *Clay v. Commonwealth*, 262 Va. 253, 259 (2001).

Borja stood charged with aggravated sexual battery, which required the Commonwealth to prove that he sexually abused N.S. by force, threat, or intimidation. Code § 18.2-67.3(A)(4). As relevant here, "'[s]exual abuse' means an act committed with the intent to sexually molest, arouse, or gratify any person, where: a. The accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts[.]" Code § 18.2-67.10(6). The Commonwealth offered the challenged evidence as probative of Borja's intent "to sexually molest, arouse, or gratify." However, the jury acquitted Borja of aggravated sexual battery by convicting him instead of the lesser-included offense of assault and battery.

Assault and battery are separate common law offenses. "To sustain a conviction for assault, the Commonwealth must prove 'an attempt or offer, with force and violence, to do some bodily hurt to another.'" *Parish v. Commonwealth*, 56 Va. App. 324, 329 (2010) (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 468 (2000)). Battery requires proof of a "'wil[l]ful or unlawful touching' of another." *Id.* at 330 (alteration in original) (quoting *Wood v. Commonwealth*, 149 Va. 401, 404 (1927)). Neither offense requires proof of any sexual intent. Borja does not deny that he touched N.S. without her consent, and the remaining unchallenged evidence supports the jury's verdict. Thus, we conclude that admitting N.S's testimony regarding the massage "'failed to have any "substantial influence"'" on the jury's ultimate verdict.

- 5 -

*Dandridge*, 72 Va. App. at 685 (quoting *Lienau*, 69 Va. App. at 270). It follows that any error in admitting the challenged evidence must be harmless. *See Aponte v. Commonwealth*, 68 Va. App. 146, 165 (2017) (concluding that any error was harmless where the exclusion of evidence prevented the defendant from contesting whether her conduct was gross, wanton, and reckless, because she was ultimately convicted of a lesser-included offense that did not require proof of those elements).

## II. Sufficiency of the Evidence

Borja also argues that the trial court erred by denying his motion to strike because the evidence did not prove any element of the indicted offense, aggravated sexual battery. He specifically challenges the court's construction of the term "force" under Code § 18.2-67.3. His argument is moot, however, because the jury acquitted him of aggravated sexual battery.

"Whenever it appears . . . that there is no actual controversy between the litigants, or that, if it once existed, it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case." *Matheson v. Commonwealth*, 86 Va. App. 201, 208 (2025) (alteration in original) (quoting *Commonwealth v. Browne*, 303 Va. 90, 91 (2024)). Accordingly, this Court has held that a defendant cannot challenge the denial of his motion to strike after being acquitted of the contested charge. *Lienau*, 69 Va. App. at 274.

In acquitting Borja of aggravated sexual battery, which requires proof of sexual abuse accomplished by "force," Code § 18.2-67.3, the jury convicted him of assault and battery, which requires proof of a willful touching of another "done in a rude, insolent, or angry manner," *Yellock v. Commonwealth*, 79 Va. App. 627, 641 (2024) (quoting *Kelley v. Commonwealth*, 69 Va. App. 617, 628 (2019)). The jury's verdict thus renders moot Borja's challenge to the denial of his motion to strike the evidence on the aggravated sexual battery. *Lienau*, 69 Va. App. at 274.

III.  Specified Incidents Supporting the Charge, and Due Process

Borja argues that he was denied his due process rights under the United States and Virginia Constitutions because the Commonwealth did not specify which of the alleged incidents supported the charge against him.  He maintains that the purported lack of specificity prevented him from presenting an adequate defense and may have resulted in a nonunanimous jury verdict.  Borja acknowledges that his argument might not be "fully preserved" under Rule 5A:18 but asks us to address it under the good cause and ends of justice exceptions.  Our review of the record confirms that this argument was not preserved at all,[4] so we consider whether either exception to Rule 5A:18 applies.

"The Court may only invoke the 'good cause' exception where an appellant did not have the opportunity to object to a ruling in the trial court; however, when an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply."  *Perry v. Commonwealth*, 58 Va. App. 655, 667 (2011) (quoting *Luck v. Commonwealth*, 32 Va. App. 827, 834 (2000)).  Borja had ample opportunity both before and at trial to address any concerns about the specificity of the charge and the basis of his conviction, but he did not do so.  In addition, he could have moved for a bill of particulars, requested a special verdict form for the jury to indicate which incident constituted the battery, or moved to set aside the verdict, but again he did not.  Accordingly, the "good cause" exception does not apply.

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred."  *Cornell v. Commonwealth*, 76 Va. App. 17, 31 (2022) (quoting *Conley v. Commonwealth*, 74 Va. App. 658, 682 (2022)).  "In

---

[4] The only reference he made to due process concerns was during his renewed motion to strike when he stated, "And I implore you to tell me which incident was a sexual battery?  They don't give -- it's not a totality of circumstances."  That mere statement was insufficient to preserve the constitutional arguments he now presents on appeal.

determining whether the exception applies, the Court considers two questions: '(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice.'" *Id.* at 30 (quoting *Williams v. Commonwealth*, 294 Va. 25, 27-28 (2017)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Id.* at 31 (quoting *Conley*, 74 Va. App. at 683). "To demonstrate a miscarriage of justice, appellant 'must show that either the conduct for which he was convicted is not a criminal offense or that the record affirmatively establishes that an element of the offense did not occur.'" *Jiddou v. Commonwealth*, 71 Va. App. 353, 374 (2019) (quoting *Quyen Vinh Phan Le v. Commonwealth*, 65 Va. App. 66, 74 (2015)). Further, it is not enough for Borja to show that a miscarriage of justice might have occurred; he must demonstrate that it did occur. *Cisneros v. Commonwealth*, 82 Va. App. 147, 171 (2024).

The record does not affirmatively demonstrate that a manifest injustice occurred. Borja's ends-of-justice argument is assumptive and speculative, focusing on possibilities rather than what actually occurred. Although Borja suggests that the jury may not have unanimously agreed on which touching constituted assault and battery, the jury foreman stated that the verdict was unanimous. When polled, each juror unequivocally affirmed that it was his or her verdict, confirming the unanimity of the verdict. *See* Rule 3A:17(d). Further, Borja has not shown that he was convicted of a non-offense or that the evidence affirmatively proves that an element of the offense did not occur. Thus, neither exception applies, and Rule 5A:18 bars our consideration of his due process argument for the first time on appeal.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*